UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNNIE E. JENNINGS,

      Plaintiff,

v.

                                       Case No. 11-14439
                                       Honorable Patrick J. Duggan

NATIONWIDE MUTUAL FIRE
INSURANCE CO.,

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

On August 26, 2011, Plaintiff filed this lawsuit against Defendant in the Circuit Court for Wayne County, Michigan. In her Complaint, Plaintiff alleges that Defendant has wrongfully refused to provide coverage under a policy insuring Plaintiff's property in Dearborn Heights, Michigan. Defendant removed Plaintiff's Complaint to this Court based on diversity jurisdiction on October 10, 2011. Presently before the Court is Defendant's motion for partial dismissal, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 12, 2011.

According to Defendant, it served Plaintiff with a copy of the motion to dismiss via the Court's electronic filing system on October 12, 2011. This Court sent a notice to the parties on October 13, 2011, indicating that the motion to dismiss had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (e) which provides that "[a] response to a dispositive motion must be filed within 21 days after

service of the motion. Plaintiff nevertheless did not file a response to the motion until November 10, 2011. Two days prior, on November 8, 2011, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendant's motion to dismiss pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, – , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

**Factual Background**

According to Plaintiff's Complaint, she owns property in Dearborn Heights, Michigan, which Defendant insured. (Compl. ¶¶ 5, 6.) On or about February 1, 2010, during the coverage period, there was vandalism and theft at the property "resulting in great damage to the home." (*Id.* ¶ 7.) Plaintiff informed Defendant of the loss and resulting damage and made a claim for coverage under the insurance policy. (*Id.* ¶¶ 14, 15.) She presented Defendant a proof of loss dated February 15, 2010, and a second proof of loss dated May 17, 2010. (*Id.* ¶ 18.) By letter dated November 20, 2010, Defendant denied Plaintiff's claim. (*Id.* ¶ 21.)

**Motion and Response**

Although not listing individual counts against Defendant, Plaintiff asserts in her Complaint that Defendant's denial of her claim for insurance coverage constitutes:

(1) a breach of contract;

(2) "intentional and tortuous" conduct; and

(3) bad faith adjustment in violation of the Michigan Unfair Trade Practices Act ("UTPA").

(*Id.* ¶¶ 24, 27, 29.) As damages, Plaintiff seeks payment of the loss she suffered as a result of the vandalism and theft, as well as attorney fees and 12% statutory interest pursuant to § 500.2006 of the UTPA. (*Id.* ¶¶ 20, 26, 28.) Defendant seeks partial dismissal with respect to Plaintiff's tort and UTPA claims and her request for attorney fees, contending that these claims and penalties are not recognized under Michigan law

based on an insurer's alleged bad faith adjustment or denial of an insurance claim.

In her response to the motion, Plaintiff indicates that she will stipulate to the dismissal of her UTPA claim, *without prejudice*. She contends that it is premature to dismiss her request for attorney fees as consequential damages.

## Applicable Law and Analysis

As another judge in this District recently recognized: "Michigan courts– and federal courts applying Michigan law– have long held that breach of an insurance contract, even if done in bad faith, does not give rise to a separate and independent tort claim." *No Limit Clothing, Inc. v. Allstate Ins. Co.*, No. 09-13574, 2011 WL 96869, at *3 (E.D. Mich. Jan. 12, 2011) (citing cases). To support a tort claim, the plaintiff must allege the breach of a duty existing independent of and apart from the insurance contract. *Soc'y of St. Vincent De Paul v. Mt. Hawley Ins. Co.*, 49 F. Supp. 2d 1011, 1019 (E.D. Mich. 1999). Plaintiff fails to allege any breach other than Defendant's bad faith performance of its obligations under the insurance contract. As such, she fails to allege a tort claim for which relief may be granted. *See Cromer v. Safeco Ins. Co. of Am.*, No. 09-13716, 2010 WL 1494469, at *3-4 (E.D. Mich. Apr. 14, 2010) (citing cases declining to declare the mere bad-faith breach of an insurance contract to be an independent and separately actionable tort).

The Michigan courts– and federal courts applying Michigan law– also have held that the UTPA does not create a private cause of action for bad faith breach of an insurance contract. *Makki ex rel. Baghdadi v. Farmers New World Life Ins. Co.*, 49 F.

App'x 36, 41 (6th Cir. 2002) (quoting *Burnett v. Nationwide Mut. Ins. Co.*, No. 212413, 2000 WL 33417376, at *6 (Mich. Ct. App. Jul. 7, 2000) (citing *Isagholian v. Transamerica Ins. Corp.*, 208 Mich. App. 9, 527 N.W.2d 13 (Mich. Ct. App. 1994) and *Young v. Mich. Mut. Ins. Co.*, 139 Mich. App. 600, 362 N.W.2d 844 (Mich. Ct. App.1984)). Plaintiff's claim under the UTPA therefore is untenable.[1] Accordingly, the Court is dismissing the claim *with prejudice*.

Finally, as Defendant argues, Plaintiff's claim for attorney fees must be dismissed. The Michigan Court of Appeals has held that attorney fees are not recoverable as consequential damages for an insurer's bad-faith refusal to pay a claim. *See, e.g., Cromer*, 2010 WL 1494469, at *7 (citing *Taylor v. Blue Cross/Blue Shield of Michigan*, 205 Mich. App. 644, 657, 517 N.W.2d 864, 871 (1994); *Swickard v. Wayne Co. Med. Examiner*, 196 Mich. App. 98, 492 N.W.2d 497, 499 (1992); *Dunn v. Emergency Physicians Med. Grp.*, 189 Mich. App. 519, 473 N.W.2d 762, 764 (1991)). As the court explained in *Taylor*, "[t]he general rule in Michigan prohibits an award of attorney fees as an element of cost or damages absent express authorization by statute, court rule, or other

---

[1] The Michigan courts have held that a private party may recover the interest penalty set forth under the UTPA, Mich. Comp. Laws § 500.2006. *See Young v. Mich. Mut. Ins. Co.*, 139 Mich. App. 600, 605, 362 N.W.2d 844, 846 (1984) (citing. *Fletcher v. Aetna Casualty & Surety Co.*, 80 Mich. App. 439, 264 N.W.2d 19 (1978), aff'd on other grounds 409 Mich. 1, 294 N.W.2d 141 (1980); *Herring v. Golden State Mut. Life Ins. Co.*, 114 Mich. App. 148, 318 N.W.2d 641 (1982)). Defendant, however, is not asking the Court to dismiss Plaintiff's request for penalty interest under the statute if Defendant is found to have untimely paid benefits owed to her. In fact, Defendant appears to concede that penalty interest would be available under the UTPA. (*See* Def.'s Br. in Supp. of Mot. at 7.)

recognized exception." 205 Mich. App. 644, 657, 517 N.W.2d 864, 871 (1994)).  In her Complaint, Plaintiff does not identify a statute, court rule, or other recognized exception supporting her claim for attorney fees.  Therefore, she fails to state a claim for attorney fees as consequential damages upon which relief may be granted under Michigan law.

## Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's claims for bad-faith handling of an insurance claim based on tort and the UTPA and her claim for attorney fees as consequential damages.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for partial dismissal is **GRANTED**.


Date:  November 14, 2011              s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Allen J. Counard, Esq.
Kurt D. Meyer, Esq.