UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNNIE E. JENNINGS,

        Plaintiff,

v.                                                    Case No. 11-14439
                                                    Honorable Patrick J. Duggan

NATIONWIDE MUTUAL FIRE
INSURANCE CO.,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On August 26, 2011, Plaintiff filed suit against Defendant in the Circuit Court for Wayne County, Michigan, alleging that Defendant has wrongfully refused to provide coverage under a policy insuring Plaintiff's property in Dearborn Heights, Michigan. Plaintiff is a citizen of Michigan and has made a claim for coverage under the policy in an amount exceeding $75,000. Defendant, a corporation organized and existing under the laws of the State of Ohio, therefore removed Plaintiff's complaint to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Presently before the Court is Plaintiff's "Opposition to Removal and Motion to Remand," filed November 10, 2011. Having reviewed the matter, the Court concludes that oral argument will not significantly aid the decisional process and denies Plaintiff's motion.

A defendant generally may remove a civil case brought in a state court to federal court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is

between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant removing a case to federal court has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37 (1921).

Plaintiff relies on the "direct action" provision of 28 U.S.C. § 1332(c) to support her motion to remand. This section provides, in pertinent part:

> (c) For the Purposes of this section and section 1441 of this title–
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except* that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; . . .

28 U.S.C. § 1332(c) (emphasis added). Plaintiff interprets this section as requiring the Court to consider Defendant to be a citizen of Michigan– i.e., where Plaintiff is a citizen– in determining whether there is diversity of citizenship in this matter. Plaintiff acknowledges in her motion, however, that this Court rejected her interpretation of § 1332(c) in a previous case.[1] Op. and Order Denying Plaintiff's Motion to Remand, *Beasley v. State Farm Fire and Casualty Co.*, No. 08-11091 (E.D. Mich. April 7, 2008).

---

[1] Plaintiff's counsel is aware of this Court's previous decision because he represented the plaintiff in that case as well.

Not only has this Court squarely rejected the application of the direct action provision to a lawsuit between an insured and his or her insurance company, but so too has the Sixth Circuit Court of Appeals.[2] *Lee-Lipstreu v. Chubb Group of Ins. Companies*, 329 F.3d 898 (6th Cir. 2003). After noting that an insured bringing suit against his or her own insurer is "obviously . . . not joined as a party-defendant because the insured is the plaintiff," the court in *Lee-Lipstreu* reasoned:

> Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity– federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.

329 F.3d at 899-900. Based upon the Sixth Circuit's decision, this Court concludes that Plaintiff and Defendant are diverse for purposes of 28 U.S.C. § 1331.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Remand is **DENIED**.

Date: November 14, 2011        s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:
Allen J. Counard, Esq.
Kurt D. Meyer, Esq.

---

[2]In *Beasley*, this Court relied on the Sixth Circuit's decision in *Lee-Lipstreu* in rejecting the plaintiff's motion to remand. Thus before filing the motion to remand in this case, Plaintiff's counsel was well aware of the Sixth Circuit's rejection of the argument he now raises in support of the pending motion, as well as this Court's previous decision. Counsel's reassertion of the argument in this case therefore is frivolous.